UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEROME W. KOBISHOP,

        Plaintiff,

        v.                                      Case No. 22-C-1335

RANDY MILLER,
Marinette County Sheriff Deputy,

        Defendant.

## SCREENING ORDER

On November 10, 2022, Plaintiff Jerome W. Kobishop filed this pro se lawsuit against Defendant Randy Miller, who was recently elected Sheriff of Marinette County. According to his complaint, Kobishop wants Miller, who until he takes office is a deputy sheriff of Marinette County, to "properly address my complaint as attached to this complaint for the truth to be known concerning my past complaints filed with his department regarding an alleged conspiracy to commit retaliation against me on or before 2-17-15 in Marinette, Wisconsin." Dkt. No. 1 at 2. Attached to the complaint is a four-page letter to Deputy Miller detailing a series of allegations Kobishop has made against various individuals, both private citizens and public officials covering the period from 2011 through February of 2015. *Id.* at 5. Kobishop alleges in his complaint that Deputy Miller received his complaint on September 28, 2022, but had not yet responded by the date he filed his federal lawsuit. Kobishop alleges that "the department has engaged in [a] pattern of refusing to address my complaint to continue to conceal misconduct of current and former members of the department." *Id.* at 2. He seeks an injunction to compel Deputy Miller to assist him "by honestly investigating" the acts of all involved in the alleged conspiracy. *Id.* at 3.

Notwithstanding the fact that Kobishop has paid the filing fee, his complaint will be dismissed with prejudice. Even when the filing fee has been paid, "[d]istrict judges have ample

authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). This is such a suit. In this respect, it is similar to several previous suits Kobishop has filed in this court. *See* Case Nos. 1:14-cv-406, 1:14-cv-802, 1:15-cv-1008, 1:15-cv-1077, 1:16-cv-37. In fact, many of the allegations Kobishop wants Deputy Miller to investigate bear a strong resemblance to those made in his previous lawsuits. Now, after more than seven years have passed, he wants the new sheriff to investigate his complaints. Deputy Miller's failure to do so does not state a federal claim. Given Kobishop's history of filing frivolous lawsuits and the absence of any suggestion that he can state a federal claim, his case is **DISMISSED with prejudice**.

**SO ORDERED** at Green Bay, Wisconsin this   22nd   day of November, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.